**IN THE COURT OF APPEALS OF IOWA**

No. 23-0619
Filed July 26, 2023

**IN THE INTEREST OF L.K.,**
**Minor Child,**

**A.M., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Brent Pattison, District

Associate Judge.

A mother appeals the termination of her parental rights to a child.

**AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, for appellant

mother.

Brenna Bird, Attorney General, and Mary A. Triick (until withdrawal) and

Mackenzie Moran, Assistant Attorneys General, for appellee State.

Elizabeth Anna Hadwiger, Des Moines, attorney and guardian ad litem for

minor child.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to a child, L.K.  She contends that L.K.'s best interests are not served by termination and instead weigh in favor of a guardianship.  Upon our de novo review, *see In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022), we affirm the order terminating the mother's parental rights.

The family came to the attention of the Iowa Department of Health and Human Services in January 2022 when L.K. was born with cocaine, gabapentin, and THC in his system.  In February, the juvenile court formally removed L.K. from his parents' custody and adjudicated him in need of assistance (CINA) based on both parents' drug use.  The mother testified at the termination hearing that she completed a sixteen-week course of inpatient treatment in April, but this claim was not able to be verified.  In fact, the record reflects the mother obtained a substance-abuse evaluation in March and was recommended to attend intensive outpatient treatment.  She did provide drug screens with negative results in April and July.  She also completed SafeCare in July.  A post from the mother's SnapChat account in November indicated that she was still battling substance abuse, although the mother testified that post was a result of someone hacking her account.  By December, the mother was not engaged in treatment for substance abuse or her mental health and was not participating consistently in visitation.  She testified that she was not recommended any mental-health services upon evaluation.

Between the permanency hearing in December and the termination hearing in February 2023, the mother visited L.K. only once.  She has never attended any of L.K.'s medical appointments.  The mother conceded during the termination hearing that she was not able to resume custody of L.K. but proposed that a

guardianship be formed with his current placement. Based on the mother's lack of consistent visitation and participation in treatment, the juvenile court terminated her parental rights under Iowa Code sections 232.116(1)(e) and (h) (2023).[1]

We begin with the mother's contention that termination is not in L.K.'s best interests. We determine a child's best interests using the framework described in section 232.116(2). S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The mother notes that L.K. has resided with his half-sibling's father, A.R., since the CINA proceedings began. She claims that she will continue to have contact with L.K. through A.R. due to their custodial arrangement involving L.K.'s half-sibling. On this basis, she argues that placing the child in a guardianship with A.R., rather than terminating her parental rights, would serve the child's best interests. However, "a guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018). The impermanent nature of guardianships denies children the security and stability that a permanent home provides. *See* Iowa Code § 633.675(1)(c) (stating that a guardianship must terminate if the court determines it is no longer necessary); *In re C.D.*, 509 N.W.2d

---

[1] The mother does not challenge the grounds for termination.

509, 513 (Iowa Ct. App. 1993) ("[T]he permanency and stability needs of the children must come first.").

Because of L.K.'s age, any guardianship could last well over a decade. Despite more than a year having elapsed between L.K.'s removal and the termination hearing, the mother still cannot provide safety and stability for the child. She has not maintained stable housing for herself, nor has she consistently attended visits sufficient to establish a meaningful relationship with her child. Although a long-term guardianship may serve the mother's interests, it is not in the best interests of L.K. The child's caseworker and the guardian ad litem recommended termination. Like the juvenile court, we conclude a long-term guardianship will not provide the same stability and permanency to L.K. as adoption. Termination is in the child's best interests.

Finally, the mother asks us not to terminate her parental rights under section 232.116(3)(a), which provides that the court need not terminate the parent-child relationship if a relative has legal custody of the child.[2] However, this section does not apply because L.K. remained in the custody of HHS at the time of the termination hearing. *See In re I.V.*, No. 15-0608, 2015 WL 4486237, at *3 (Iowa Ct. App. July 22, 2015) (holding section 232.116(3)(a) does not apply when HHS has legal custody of a child placed with a relative). Because the child is not in the legal custody of a relative, termination cannot be avoided under section 232.116(3)(a).

**AFFIRMED.**

---

[2] The parent of a sibling may be considered a relative. Iowa Code § 232.2(55).